UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELECTRICIANS PENSION FUND IBEW 995; ELECTRICIANS HEALTH AND WELFARE FUND IBEW 995; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 995; BATON ROUGE AREA ELECTRICAL JOINT APPRENTICESHIP COMMITTEE | CIVIL ACTION NO.: <br><br> JUDGE: <br><br> MAGISTRATE: |

VERSUS

LOGAN ELECTRICAL CONTRACTORS, L.L.C. AND LOGAN MURRAY

## COMPLAINT

Through undersigned counsel, Plaintiffs, Electricians Pension Fund IBEW 995, Electricians Health and Welfare Fund IBEW 995, Baton Rouge Area Joint Apprenticeship Committee (collectively, "the Funds"), and International Brotherhood of Electrical Workers Local Union 995 ("Union") allege as follows:

1.

This is an action brought pursuant to §§ 502(a),(e), and (f) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 (a), (e) and (f) and 1145, with respect to the claim for fringe benefit contributions to the Funds; and § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), with respect to the claims for authorized union dues and assessments withheld by the Defendants and not remitted to the Union, as well as unpaid wages owed one or more of Defendant's former employees as established by the controlling collective bargaining agreement.

2.

Jurisdiction and venue are conferred on this Court by 28 U.S.C. §1331 and 29 U.S.C. §1132(a)(e)(f).

3.

Plaintiff, Electricians Pension Fund IBEW 995 ("Pension Fund"), is an "employee pension benefit plan" as defined in §3(2)(A)(I) of ERISA as amended, 29 U.S.C. 1002(2)(a)(I). The Pension Fund is administered in Baton Rouge, Louisiana and is located at 8111 Tom Drive, Baton Rouge, Louisiana 70815.

4.

Plaintiff, Electricians Health and Welfare Fund IBEW 995 ("Welfare Fund"), is an "employee benefit welfare plan" as defined in §3(1) of ERISA as amended, 29 U.S.C. §1002 (1), for the purpose of providing health and welfare benefits to covered employees represented in collective bargaining by the Union. The Welfare Fund is administered in Baton Rouge, Louisiana and is located at 8111 Tom Drive, Baton Rouge, Louisiana 70815.

5.

Plaintiff, International Brotherhood of Electrical Workers Local Union 995 ("Union"), is a labor organization defined in §2(5) of the National Labor Relations Act, 29 U.S.C. §152(5), which represents the employees on issues pertaining to wages, hours, and conditions of employment. It does business in the Eastern and Middle Districts of Louisiana.

6.

Plaintiff, Baton Rouge Area Electrical Joint Apprenticeship and Training Fund, is an "employee benefit welfare plan" administered in Baton Rouge, Louisiana and is located at 13456 Jefferson Hwy., Baton Rouge, Louisiana 70817.

7.

Defendant, Logan Electrical Contractors, L.L.C. ("Logan Electrical"), is an employer engaged in the electrical contracting industry, and is a limited liability corporation organized under the laws of Louisiana. It has been, at all material times, an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. §§ 152(2) and 1002(5). It has, at all material times, been engaged as a contractor or subcontractor in the industry of electrical contracting and, as such, has been, and continues to be, an employer in an "industry affecting commerce" as defined in § 3(12) of ERISA, and 29 U.S.C. § 1002 (12), and is domiciled at 5625 Blessey Street, Suite A OFC, Harahan, Louisiana 70123, and does business in the Eastern and Middle Districts of Louisiana.

8.

Defendant, Logan Murray, is the owner and managing member of Logan Electrical, a "limited liability corporation." He has controlled the assets of the aforementioned limited liability corporation and has acted as a fiduciary with respect to the statutory and contracted obligations to contribute to the Funds on behalf of covered employees and plan participants.

9.

Defendants, Logan Electrical and Logan Murray entered into a Project Labor Agreement with IBEW 995, which became effective by its terms in January 2021. Further, under the terms, Logan Electrical and Murray were bound to comply with Plan documents and were required to remit, on behalf of covered employees, monthly contributions and, if delinquent, late fees, to the Pension Plan, Welfare Plan and JATC. The Project Labor Agreement further bound Logan Electrical and Murray to the terms of the Funds' Plan documents and Declarations of Trust establishing and maintaining the Funds.

10.

Defendant Logan Murray has, at all material times, functioned as an alter ego to Logan Electrical, especially with respect to matters relating to compliance with the fringe benefit reporting and remittance obligations under the Project Labor Agreement.

11.

The Funds' respective Declarations of Trust require that contributing employers file monthly remittance reports. Contributing employers, including the Defendants, calculate the payments they owe to the Funds, as well as union dues and assessments withheld from employees' wages, from these reports.

12.

Beginning on February 21, 2021, Defendants have failed to timely make the monthly contributions required by the Funds. As a result, Defendants owe the Funds late fees under the terms of their Plan documents, which it has failed and refused to pay. As the alter ego of Logan Electrical, Logan Murray is liable for these payments, and has failed and refused to pay the amounts due.

13.

The Defendants, as of April 12, 2021, were obligated to the Funds in excess of $36,790.69 in employee fringe benefits contributions it was mandated by law and contract to remit to the Funds. Interest and liquidated damages ("late fees") are yet to be determined. These monthly contribution obligations are determinable by payroll information developed by Local 995 in connection with an investigation of grievances lodged by Logan Electrical employees.

14.

Local 995, in fact, conducted a joint labor-management grievance investigation and hearing on June 21, 2021. The joint employer-union decision of that proceeding is attached hereto as Exhibit "A" and made a part hereof.

15.

The Defendants, despite notice, refused to participate in this joint labor-management proceeding. The grievance committee calculated the fringe benefit remittances and unlawfully withheld dues deductions to the best of its ability. The summary of its wages/fringes dues is attached as Exhibit "B" and made a part hereof.

16.

The Funds are entitled to audit the payroll and other records of Defendants, at Defendants' cost, to determine the correct amounts currently and/or past due to the Funds. Logan Electrical/Murray has refused to allow such an audit on an informal basis as requested by IBEW Local Union No. 995.

17.

The Defendants have failed to remit Union dues and assessments duly authorized by bargaining unit employees of Defendants and withheld from the regular pay of said employees. IBEW Local Union No. 995 is justly due such withholdings.

18.

Defendants also "shorted" the wages due at least one bargaining unit employee, Dan Hutchinson, by an estimated 16 hours. Local 995 is authorized to sue and collect wages due him as his collective bargaining agent.

19.

A copy of this complaint is being served upon the Secretary of Labor and the Secretary of Treasury by certified mail, as required by 29 U.S.C. §1132(h).

20.

WHEREFORE, Plaintiffs ask that this Court deem this Complaint sufficient, and after due trial on the merits, find for the Plaintiffs, granting the following relief requested:

1. payment of all contributions due;

2. payment of late fees and interest on the delinquent contributions;

3. payment of past due wages to bargaining unit employees;

4. payment of liquidated damages;

5. permitting Plaintiffs to conduct an audit of the Defendants' payrolls and other relevant records at Defendants' cost;

6. awarding Plaintiffs reasonable attorneys' fees and the costs of litigation; and

7. awarding Plaintiffs all other legal or equitable relief to which they are entitled.

Respectfully submitted,

ROBEIN, URANN,
SPENCER, PICARD & CANGEMI, A.P.L.C.

s/Louis L. Robein
Louis L. Robein (LA Bar No. 11307)
Laura K. Cline (LA Bar No. 37074)
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone: (504) 885-9994
Facsimile: (504) 885-9969
Email: lrobein@ruspclaw.com
          lcline@ruspclaw.com

**COUNSEL FOR PLAINTIFFS**

**PLEASE SERVE:**

Logan Electrical Contractors, L.L.C.
through its registered agent:
Logan Murray
5625 Blessey Street, Suite A, OFC
Harahan, LA  70123

Logan Murray
5625 Blessey Street, Suite A, OFC
Harahan, LA  70123

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2022, I have served a copy of the foregoing Complaint on the following non-ECF participants, via certified U.S. Mail, return receipt requested:

Logan Electrical Contractors, L.L.C.
through its registered agent:
Logan Murray
5625 Blessey Street, Suite A, OFC
Harahan, LA  70123

Logan Murray
5625 Blessey Street, Suite A, OFC
Harahan, LA  70123

Martin J. Walsh, Secretary of Labor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Janet L. Yellen, Secretary of the Treasury
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

                                               *s/Louis L. Robein*
                                               Louis L. Robein (LA Bar No. 11307)
                                               2540 Severn Avenue, Suite 400
                                               Metairie, Louisiana 70002
                                               Telephone:(504)885-9994
                                               Facsimile: (504)885-9969
                                               Email:  lrobein@ruspclaw.com